NicholsoN, C. J.,
delivered the opinion of the Court.
Complainants, being mechanics, worked for M. O Mason & Co., from October 14th, 1869, to December 10th, 1869, on their distillery, and furnished to them, during that time, material with which to repair the same, amounting to $339.35. On the 22d of August, 1870, they filed their attachment bill to enforce their lien as mechanics.
Defendants demurred to the bill, on the ground that at the time the work was done and the material furnished, complainants could acquire no lien except by complying with the provisions of the act of 1868, c. 50, entitled “An act to protect mechanics,” passed on the 25th of February, 1868, by which act, to secure his lien, the mechanic was required, within ninety days after the indebtedness had accrued, to file an account of his demand with the Register of the county, and to commence suit within ninety days after filing the account.
The Chancellor sustained the demurrer and dismissed the bill, from which decree complainants have appealed. The act of 1868, c. 50, was repealed on the 28th of February, 1870. The last item in the account exhibited in their bill by complainants, is dated December 10th, 1869; so that ninety days had not *63 expired when the act of 1868, c. 50, was repealed; nor had twelve months elapsed before the bill was filed, on the 22d of August, 1870. By the Code, s. 1985, the lien continues for one year after the work is finished or the materials are furnished, and until the decision of any suit brought within that time for the debt; and, by sec. 1987, this lien shall be enforced by attachment either in law or equity.
The question arises, by which of the laws are the rights and remedies of complainants governed? The two laws agree in the general provision, that all mechanics who perform work or furnish materials for any building, etc., shall have a lien. Under either law the lien originates upon the doing of the work or furnishing the materials. In one case the mechanic has one year, and in the other ninety days, within which to resort to his lien; in both, if he resorts to it at any time within the prescribed period, his lien relates back to the time when it originated. But the modes prescribed for fixing the lien, and the remedies for its enforcement, are entirely different.
By the 26th sec. of the act of 1868, all acts or parts of acts conflicting with the provisions of this act were repealed. It follows, that the modes of fixing the lien, and the remedies for its enforcement, provided in the Code, were repealed by the act of 1868, c. 50-; and during the existence of this latter act, the only modes by which the lien could be fixed or enforced, were to be found in that act. But before the ninety days expired within which complainants had the right, under the act of 1868, to fix their lien, that act was *64 repealed. This repeal, however, did not destroy the lien which accrued to the mechanic under the law. It only abrogated the modes of proceeding by which the lien could be continued and made effectual under the act of 1868'; and ipso facto revived the modes of proceeding provided in the Code. On the 22d of August, 1870, when complainants filed their bill, the provisions of the Code were in force, and they furnished the only remedy for the enforcement of their lien.
The right to their lien was subsisting in full force when the law prescribing the mode of enforcing it was repealed. The repeal could not operate on the right to the lion, but only on the mode of enforcing it. By restoring the provisions of the Code, which was the legal effect of the repeal, complainants were furnished with the remedy for enforcing their right of lien. They have adopted this remedy within the time prescribed by the Code, and they are entitled to relief.
We, therefore, hold that the Chancellor erred in sustaining the demurrer. The decree is reversed, and the cause remanded for further proceedings. The costs of this Court will be paid by the appellees.